Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of pole ends similar in all material respects to those the subject of *J. C. De Jong & Co., Inc.* v. *United States* (52 CCPA 26, C.A.D. 852, the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, DECEMBER 13, 1965

No. 69686.—United China & Glass Co. et al. *v.* United States, protests 294134–K, etc. (San Francisco).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of cups and saucers similar in all material respects to those the subject of *W. Kay Company, Inc.* v. *United States* (53 Cust. Ct. 130, C.D. 2484), the claim of the plaintiffs was sustained.

No. 69687.—National Silver Co. *v.* United States, protests 62/12985, etc. (San Diego).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of cups and saucers similar in all material respects to those the subject of *W. Kay Company, Inc.* v. *United States* (53 Cust. Ct. 130, C.D. 2484), the claim of the plaintiff was sustained.

No. 69688.—Arklay S. Richards Co., Inc. *v.* United States, protest 62/11904 (Boston).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of porcelain thermocouple tubes and that the involved articles are not chemical porcelain ware but are, in fact, articles in chief value

of earthy or mineral substances, not decorated or commercially susceptible of decoration in any manner, the claim of the plaintiff was sustained. *John H. Faunce, Philadelphia, Inc.* v. *United States* (42 Cust. Ct. 196, C.D. 2085), followed.

No. 69689.—W. N. Proctor Company v. United States, protests 62/19042, 63/8292, and 63/14539 (Boston).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of porcelain thermocouple tubes and that the involved articles are not chemical porcelain ware but are, in fact, articles in chief value of earthy or mineral substances, not decorated or commercially susceptible of decoration in any manner, the claim of the plaintiff was sustained. *John H. Faunce, Philadelphia, Inc.* v. *United States* (42 Cust. Ct. 196, C.D. 2085), followed.

BEFORE THE SECOND DIVISION, DECEMBER 14, 1965

No. 69690.—Weston Electrical Instrument Corp. and Inter-Maritime Forwarding Co., Inc., et al. v. United States, protests 211708–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of parts of testers and other meters similar in all material respects to the Toho testers and meters the subject of *United States* v. *G. L. Electronics, Inc., Arrow Sales, Inc.* (49 CCPA 111, C.A.D. 804), the claim of the plaintiffs was sustained.

No. 69691.—Hudson Shipping Co., Inc. v. United States, protests 60/15988(B) and 62/12736(A) (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of pole ends similar in all material respects to those the subject of *J. C. De Jong & Co., Inc.* v. *United States* (52 CCPA 26, C.A.D. 852), the claim of the plaintiff was sustained.